But three of the numerous exceptions taken on the trial were urged on the argument, and to those my examination will be confined.
The evidence of Adams, in connection with the letter of the defendant of the 17th September, 1852, established a clear right in the plaintiffs to recover the balance of the proceeds of the sale of the brig Venus, after deducting the money advanced to Adams at Rio Janeiro. The defendant had obtained the money from Maxwell, Wright Co., in 1850, with the understanding that he was to reimburse himself therefrom the amount loaned to Adams, and remit the balance to Mrs. Adams for the benefit of the plaintiffs. The plaintiffs were the owners of the condemned vessel, and entitled to the fund arising from her sale. Indeed, their right to this balance was conceded by the defendant in his letter of September, 1852. He had no claim on it; though when this suit was commenced he had retained it in his hands more than two years and a half, instead of forwarding it to the wife of Adams, for the plaintiffs' benefit, as he had undertaken to do. The special defence alleged in the answer remained unproved; and the evidence wholly failed to show any title in the defendant to the money or any justification for retaining it from the plaintiffs.
The errors urged to have been committed relate, First. To the exclusion of evidence; Second. To the admission *Page 503 
of irrelevant testimony; and, Third. In holding that the plaintiffs could recover without demand.
First. The case states that, at the close of the evidence on both sides, a motion was made to dismiss the complaint on the ground that there was no evidence of a demand of the money in question from the defendant, or a refusal to pay it over before the commencement of the action. The plaintiffs were entitled to recover without a formal demand before bringing their action. They were the owners of the fund, and more than two years previously the defendant had obtained it, on the order of Adams, and agreed to remit it for their benefit. Two months prior to the commencement of the action, the defendant admitted, in effect, if not in terms, the plaintiffs' ownership of the fund, his receipt thereof and engagement to remit. He had kept it in his hands for over two years, under the pretext that he would have remitted it had he not been otherwise instructed. The naked case is presented of a person admitting himself to have the funds of another in his hands, subject to his order, and for which he is obligated to account. The duty which he owed to the plaintiffs was to pay over the money; and, neglecting to do so, the latter could recover without showing affirmatively a formal demand before suit brought.
Second. The plaintiffs were permitted to read in evidence two letters from the defendant to Adams, the witness, dated 6th April and 4th May, 1853. The first of these letters urged Adams to be at the defendant's office, in New-York, without fail, on the ninth April; and the other apprised him that, if he were in New-York the day the letter was written, he could give him a situation and would be able to keep it for him until the Monday following. It is difficult to perceive in what way these letters were material or pertinent to the issue on trial. The case states that they were offered to show the estimation in which the defendant held the witness, Adams. But that was a question entirely *Page 504 
immaterial, even if they tended to show anything decisive on that point. It was no reason for introducing them that the defendant had attempted to discredit the witness. But it does not follow that, though the evidence was immaterial and irrelevant, and such as should have been kept out of the case, the defendant is entitled necessarily to have the judgment reversed. We can see that he could not have been in the slightest degree prejudiced by allowing the letters to be read to the jury. Again, the objection taken by the defendant was of the most general character. He objected to the letters as evidence, without assigning any ground on which the objection was predicated. We are told now that the evidence was wholly immaterial, impertinent and foreign to the issue, and equally irrelevant on the question as to Adams' credibility; but these grounds were not specifically assumed before the judge. The defendant contented himself with a general objection to the letters as evidence, without specifying any reason to exclude them. Failing to direct the mind of the judge to the specific grounds, the general objection is not now available to disturb the judgment.
Third. The witness, Adams, who resided in Massachusetts, was not present at the trial. He had been examined de bene esse in January, 1853. At the close of the plaintiffs' case, the defendant offered to show that, in conversations with the witness subsequent to the examination, Adams declared that his testimony, taken de bene esse, was false, and that he had given it under threats from the plaintiffs. It was further offered to prove that, in such conversations, he made statements in relation to the transaction with the defendant opposed to and inconsistent with the version given in the examination that had been read in evidence. I know of no rule of law or practice of the courts of this state which sanctions the admissibility of the proposed evidence. Adams had been examined as a witness on the part of the plaintiffs conditionally, and with notice to the adverse party. The defendant attended and thoroughly cross-examined him. *Page 505 
The statute gives the same effect to the deposition, and no other, as the oral testimony of the witness would have if given on the trial. (2 R.S., 393.) The defendant proposed to bring the credit of the witness into question, by proof of his statements out of court, without a previous cross-examination as to the matter thereof. Such a practice might, and I think frequently would, work great injustice to the witness or to the party producing him. In the Queen's case (2 Brod. Bing.,
129), the learned judges to whom the question was submitted were unanimously of the opinion that, according to the usage and practice of the English courts, and the law as administered in those courts, it was not competent to adduce proof of the declarations or acts of the witness, tending to discredit him, without previously cross-examining the witness as to such declarations or acts and affording him an opportunity to meet and explain them; and this, though the statements or misconduct are assumed to have been made or discovered after the examination. (1Greenl. Ev., § 462.) Such, also, it is believed, has been the uniform practice of our own courts. One of the great objects of this course of proceeding, in the language of Chief Justice Abbott, was the prevention of surprise, as far as practicable, upon any person who may appear in our courts. Nor do we perceive that it should make any difference that the witness was sworn and examined pursuant to the provisions of the statute, and was not actually in attendance at the trial. The practice would work the same injustice to, and be an equal surprise on, the witness and the party in either case. No opportunity would be furnished for explanation. This case is a striking illustration of the impolicy and injustice of the rule contended for by the defendant. Adams was examined conditionally in January, and the trial did not occur until the December following. The declarations offered to be proved were made in conversations occurring in June or July intermediate, and were known to the defendant. Instead of examining *Page 506 
the witness conditionally himself, when the opportunity presented itself after the discovery, or applying to the court to put off the trial on the ground of his absence, the defendant suffered the trial to proceed, taking the chances of success, even as against his testimony. In the absence of the witness, and there being no previous examination touching the matter offered to discredit him, the chief justice was clearly right in excluding the proffered evidence.
The judgment of the superior court should be affirmed.
So far as the opinions differ, the court concurred in that delivered by Judge COMSTOCK.
Judgment affirmed.